IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HARRY EDWARD SAFFOLD, JR., ) | |
| AIS # 194505, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:05-CV-193-T |
| ) | |
| LILLIE WATSON-FOSTER, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Harry Edward Saffold, Jr., a state inmate, alleges that correctional officers and a kitchen steward violated his constitutional rights when they made threatening, abusive and/or derogatory comments to him. Additionally, Saffold maintains that defendant Byrd improperly applied the brakes of the transport van and that defendant Wambles acted in violation of his equal protection rights. The plaintiff further complains that warden Watson-Foster failed to adequately discipline the correctional officers involved in his complaints. He seeks monetary damages and declaratory relief.

Upon review of the complaint, the court concludes that dismissal of the majority of Saffold's claims is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## DISCUSSION

### I. Threatening, Abusive and Derogatory Statements

Saffold asserts that various correctional officers and a kitchen steward subjected him to constant threats, abusive language and derogatory comments. In support of this claim, Saffold contends that he was called stupid, dumb and a misfit. He also complains that officers made remarks which other inmates construed to mean he was a snitch, threatened him with a transfer, referred to his television program as garbage, made intimidating remarks, labeled him a drug dealer and insinuated threats of bodily harm.

An essential element of a 42 U.S.C. § 1983 action is that the conduct complained of deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981). The actions about which the plaintiff complains, standing alone, do not violate the Constitution. *Cf. Paul v. Davis*, 424 U.S. 693 (1976). Threatening, derogatory or abusive comments made by correctional officers to an inmate do not rise to the level of a constitutional violation. *See McFadden v. Lucas*, 713 F.2d 143 (5th Cir. 1983); *see also Johnson v. Glick*, 481 F.2d 1028 (2nd Cir. 1973). Thus, the plaintiff's assertion fails to demonstrate that the statements of the correctional officers and kitchen steward deprived him of any protected right, privilege or immunity. Consequently, the claims asserted by the plaintiff arising from alleged threatening, abusive or derogatory comments are frivolous as these claims lack an arguable basis in law and are therefore subject dismissal in accordance with the directives of 28 U.S.C.

§ 1915(e)(2)(B)(i).  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

## II. The Erratic Driving Claim

The plaintiff complains that during transportation from his job to the correctional facility defendant Byrd "hit the break petal in the center of traffic . . ." *See Attachment to the Complaint* at 1.  This action fails to allege a violation of any constitutional right and is due to be summarily dismissed upon application of 28 U.S.C. § 1915(e)(2)(B)(i).

## III. The Claim Against Warden Watson-Foster

The plaintiff complains that warden Watson-Foster failed to undertake disciplinary action against the correctional officers who allegedly harassed him.  This claim entitles the plaintiff to no relief as he has no constitutional right to have disciplinary procedures initiated against correctional officers and such claim is due to be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The claims related to threats, abusive language and/or derogatory comments lodged against defendants Lambert, Judd, Sapp, Wambles, Dunn, Terry, McCovery, Byrd and Conners be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).

2. The erratic driving claim against defendant Byrd be dismissed with prejudice in

---

[2]Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

3. The claim presented against defendant Watson-Foster be dismissed with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

4. Defendants Lambert, Judd, Sapp, Dunn, Terry, McCovery, Byrd, Conners and Watson-Foster be dismissed from this cause of action.

5. The equal protection claims lodged against defendant Wambles be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that the parties shall file any objections to the said Recommendation within a period of 13 days from the date of mailing or transmittal to them. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d

33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 7th day of March, 2005.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE