IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

HARRY EDWARD SAFFOLD, JR.,      )
AIS #194505,                    )
                                )
          Plaintiff,            )
                                )
                                )
     v.                         )   CIVIL ACTION NO. 1:05-CV-193-MHT
                                )              [WO]
                                )
ROBERT  WAMBLES,                )
                                )
          Defendant.            )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Harry Edward Saffold ["Saffold"], a state inmate, filed this 42 U.S.C. § 1983 complaint challenging actions taken against him during his confinement at the Elba Community Based Facility.  The remaining defendant  is Robert Wambles, a Correctional Officer employed at the Facility.  Saffold seeks declaratory relief and monetary damages.

The defendant filed a special report and supporting evidentiary materials addressing Saffold's claims for relief.  Pursuant to an order entered herein, the court deems it appropriate to treat this report as a motion for summary judgment.  *Order of April 7, 2005 - Court Doc. No. 11*.  Thus, this case is now pending on the defendant's motion for summary judgment.  Upon consideration of such motion, the evidentiary materials filed in support thereof and the response filed by Saffold in opposition to the motion, the court concludes that the defendant's motion for summary judgment is due to be granted.

## I.  CLAIMS FOR RELIEF

Saffold maintains that Wambles opened a door behind which he stood and hit him in the head.  *Plaintiff's Complaint* at 10.  He also asserts that Wambles (i) appeared to threaten him after opening the door, (ii) used disparaging remarks in reference to inmates, (iii) played cards with some inmates, (iv) held inappropriate conversations with inmates, and (v) placed a feminine hygiene product on the bed of another inmate.  Finally, Saffold complains that Wambles "targeted and harassed [him] ... and it leads me to believe that he is a racist." *Id*. at 13.

## II.  STANDARD OF REVIEW

To survive the defendant's properly supported motion for summary judgment, Saffold is required to produce some evidence which would be admissible at trial supporting his claims of constitutional violations.  *See* Rule 56(e), *Federal Rules of Civil Procedure*. Specifically, he must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990).  A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984).  Thus, when a plaintiff fails to make a showing sufficient to establish the

2

existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts....  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Consequently, where all the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper.  *Celotex*, 477 U.S. at 323-324 (summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to any material fact); *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the

3

nonmoving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).  In this case, Saffold has failed to demonstrate that there is a genuine issue of material fact in order to preclude summary judgment.  *Matsushita*, *supra*.

### III.  DISCUSSION

### A.  The Door Incident

Saffold contends that Wambles opened a door which struck him in the head.  This allegation, even when taken as true for purposes of summary judgment, fails to set forth a violation of Saffold's constitutional rights.

The Eighth Amendment prohibition against cruel and unusual punishment is triggered when a prisoner is subjected to an "unnecessary and wanton infliction of pain."  *Whitley v Albers*, 475 U.S. 312, 319 (1986).  The Supreme Court held in *Hudson v. McMillian*, 503 U.S. 1 (1992), that "whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry [in determining whether a prisoner has suffered unnecessary and wanton pain] is ... whether the force was applied ... maliciously and sadistically to cause harm."  *Id*. at 6.

"Not every push or shove ... violates a prisoner's constitutional rights."  *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973), *cited with approval in Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  An excessive force claim "necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not a sort

4

'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9-10, quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986); *Harris v. Chapman,* 97 F.3d 499, 505 (11th Cir.1996) (the application of *de minimis* force, without more, does not present a claim cognizable under the Eighth Amendment).  The physical contact about which Saffold complains alleges at best a "*de minimis* use[] of physical force" which is excluded from "[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishments" as such contact "is not of a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9-10; *Anderson v. Sullivan*, 702 F.Supp. 424 (S.D.N.Y. 1988) (officer who pushed prisoner into a bar and put his hands behind his back to apply handcuffs did not administer excessive force).  Moreover, the pleadings filed by Saffold are devoid of any evidence showing that Wambles acted maliciously and sadistically to cause harm when he opened the door.  *McBride v. Rivers*, 170 Fed.Appx. 648, 657 (11th Cir. 2006) (defendants entitled to summary judgment where inmate "failed to produce evidence showing that [challenged] measures were taken 'maliciously and sadistically for the very purpose of causing harm.'").  In light of the foregoing, summary judgment is due to be granted in favor of the defendant on this claim.

## B.  Threats and Derogatory Comments

Saffold complains that Wambles appeared to assume a threatening stance after opening the door and on various occasions made derogatory remarks about inmates.  An essential element of a 42 U.S.C. § 1983 action is that the conduct complained of deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527 (1981).

The perceived threat and disparaging statements about which the plaintiff complains, standing alone, do not violate the Constitution. *Cf. Paul v. Davis*, 424 U.S. 693 (1976). Neither a threatening posture nor derogatory or abusive comments made by a correctional officer to an inmate rise to the level of a constitutional violation. *See McFadden v. Lucas*, 713 F.2d 143 (5th Cir. 1983); *see also Johnson v. Glick*, 481 F.2d 1028 (2nd Cir. 1973). Thus, Saffold's assertions fail to demonstrate that the alleged actions of Wambles deprived him of any protected right, privilege or immunity. The defendant is therefore entitled to summary judgment on these claims.

### C. The Equal Protection Claim

Saffold, an African-American, asserts that Wambles applied administrative rules to him due to his race and failed to enforce the rules against Caucasian inmates. Specifically, Saffold complains that Wambles (i) conducted an additional search only of him upon his return to the facility on May 25, 2004, (ii) allowed a white inmate to bring a box of fried chicken into the facility, and (iii) permitted this same white inmate to violate the dress code. Wambles denies that he acted in violation of Saffold's equal protection rights and, instead, maintains that he enforced the rules equally upon all inmates in accordance with his duties as a correctional officer.

In order to establish a claim cognizable under the Equal Protection Clause, "a prisoner must demonstrate that (1) 'he is similarly situated with other prisoners who received' more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race. *Damiano v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929,

6

932-33 (11th Cir.1986) (per curiam)." *Jones v. Ray*, 279 F.3d 944, 946-947 (11th Cir. 2001).

Additionally, to succeed on an equal protection challenge, the plaintiff must demonstrate the existence of discriminatory intent; arbitrary application of prison rules without discriminatory intent is insufficient to demonstrate a violation of the Equal Protection Clause. *Jones v. White*, 992 F.2d 1548, 1573 (11th Cir. 1993); *E & T Realty v. Strickland*, 830 F.2d 1107 (11th Cir. 1987). In a case such as this one, where the plaintiff challenges actions of a prison official, exceptionally clear proof of discrimination is required. *Fuller v. Georgia Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988). Evidence which merely indicates disparity of treatment is insufficient to show discriminatory intent. *McKleskey v. Kemp*, 481 U.S. 279 (1987).

> [O]fficial action will not be held unconstitutional solely because it results in a . . . disproportionate impact. . . . Proof of . . . discriminatory intent or purpose is required to show a violation of the Equal Protection Clause. Discriminatory purpose . . . implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker . . . selected . . . a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group.

*Personnel Administrator of Mass. v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991).

Since this case is before the court on Defendant's properly supported motion for summary judgment, Saffold bears the burden of producing some evidence to show that the actions of Wambles resulted from intentional discrimination. *Celotex*, 477 U.S. at 322-324; *Waddell*, 276 F.3d at 1279. Saffold utterly and completely fails to meet this burden as he

has offered no evidence which indicates that enforcement of the rules by Wambles occurred because of invidious discrimination; rather, Saffold merely asserts that Wambles actions "lead[] me to believe that he is a racist ..." *Plaintiff's Complaint* at 13. Consequently, summary judgment is due to be granted in favor of defendant Wambles on the equal protection claim.

### D.  Miscellaneous Claims

Saffold complains that Wambles played cards with inmates, had conversations with inmates regarding sexual activities and placed a feminine hygiene box on the bed of another inmate. An essential element of a 42 U.S.C. § 1983 action is that the conduct complained of deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). The aforementioned actions do not allege violations of the Constitution and entry of summary judgment in favor of defendant Wambles on these claims is therefore appropriate.

### IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The motion for summary judgment filed by defendant Wambles be GRANTED.

2.  Judgment be GRANTED in favor of defendant Wambles.

3.  This case be dismissed with prejudice.

4.  The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that on or before December 1, 2006 the parties may file objections to the Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 17th day of November, 2006.


**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE